# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HAROLD W. ROBERTS, JR., ) | Case No. 17-00610-NPO |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | |

## THE CITIZENS BANK OF PHILADELPHIA'S OBJECTION TO MOTION TO DISMISS CASE

The Citizens Bank of Philadelphia (hereinafter "Citizens"), by and through counsel of record, hereby files this Objection to the Motion to Dismiss [Dkt # 130] filed by Harold W. Roberts, Jr. (the "Debtor"). In support of its Motion, Citizens states as follows:

### JURISDICTION

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 151, 157 and 1334. The instant matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### BACKGROUND FACTS

2. Previously, the Debtor filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code on August 15, 2016, assigned Case #: 16-02639-NPO (the "2016 Case"). The 2016 Case was dismissed on January 24, 2017, for failure of the Debtor to amend the Chapter 13 Plan, file amended Schedules I and J, and to provide pay advices relating to new employment by December 12, 2016. See Case #: 16-02639-NPO [Dkt #: 31].

3. On or about February 21, 2017 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code commencing the instant case, assigned Case #:17-00610-NPO (the "2017 Case").

1

4. Citizens is a creditor of Harold W. Roberts, Jr. (the "Debtor") as more particularly described in the Motion for Relief from the Automatic Stay [Dkt #: 66] filed on October 16, 2017.

5. Summarily, Citizens holds a secured claim in the amount of $32,609.13 secured by vacant land located in Neshoba County, Mississippi, commonly known as Road 404 and Road 339, Philadelphia, Mississippi 39350 (the "Real Property") as evidenced by that certain Deed of Trust being filed of record in Book 2014, Page 660, in the Office of the Chancery Court Clerk of Neshoba County, Mississippi.

6. Citizens and Debtor resolved the aforementioned Motion for Relief from the Automatic Stay pursuant to an Agreed Order Resolving Citizen's Motion to Terminate Automatic Stay and Objection to Secured Claim (the "Agreed Order") [Dkt #: 84 & 85]. The Debtor was required to make sufficient Chapter 13 Plan payments in order for monthly payments to be made to Citizens in the amount of $311.05 along with arrearage payments in the amount of $93.33 per month. The Chapter 13 Plan was confirmed on January 29, 2018 [Dkt #: 108].

7. The Agreed Order provided that in the event the Debtor is more than 30 days past due in the Amended Chapter 13 Payments, Citizens is authorized to file a Notice of Default. In the event the required payment is not made and the default cured within 30 days of filing the Notice of Default, the automatic stay shall terminate as to the Real Property and proceeds thereof without further order from the Court, and Citizens shall be entitled to proceed with enforcement of its rights as to the Real Property in accordance with applicable state law.

8. On March 22, 2018, Citizens filed a Notice of Default [Dkt. #: 118] notifying all parties that as of March 22, 2018, Citizens has not received a single payment from the Chapter 13 Trustee. No response to the Notice of Default was filed by the Debtor, and the amounts due

and owing to Citizens were not paid to cure the existing defaults as required by the Agreed Order. Accordingly, the automatic stay terminated as to the Real Property on or about April 22, 2018.

9. Citizens commenced publication of a Notice of Substitute Trustee's Sale on June 20, 2018, with a foreclosure sale date to foreclose the Real Property set for Friday, July 13, 2018 at 11:00 AM. The Real Property was sold by the Substitute Trustee at the Notice of Substitute Trustee's Sale held on Friday July 13, 2018, for $47,500.00 paid in cash by qualified third party purchasers.[1] A copy of the recorded Substitute Trustee's Deed of record in Book 2018, Page 3592 recorded on July 13, 2018, at 11:40 A.M. is attached hereto as <u>Exhibit A</u>.

10. Instead of seeking to set aside the Notice of Default or seek injunctive relief in this existing case, Debtor commenced a new Chapter 13 Case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code at 11:01 AM on Friday, July 13, 2018, assigned Case #: 18-02714-NPO (the "2018 Case"). Just minutes prior to filing the 2018 Case, the Debtor filed a Motion to Dismiss Chapter 13 Case [Dkt #: 130] seeking to dismiss the 2017 Case at 10:39 A.M. on Friday July 13, 2018.

11. The Order Granting the Motion to Dismiss Case [Dkt #131] was entered by the Court at 2:48 P.M. on Friday July 13, 2018, but allowed any party in interest to file an objection to the Motion to Dismiss the 2017 Case within 14 days (i.e. July 27, 2018) of the entry of the Order Granting the Motion to Dismiss Case. Citizens hereby timely objects to the dismissal of the 2017 Case.

---

[1] Currently, the sales proceeds in the amount of $47,500.00 are being held by the Substitute Trustee in an escrow account; no disbursement of the proceeds have been made due to the simultaneous Chapter 13 Cases.

**Objection & Request for Relief**

12. Citizens requests that the Order Granting the Motion to Dismiss Case in the instant case (i.e., 2017 Case) be set aside. Once the Order Granting the Motion to Dismiss Case is set aside, the Debtor may proceed with the administration of the instant 2017 Case. Although the Debtor has yet to file schedules in the 2018 Case, the creditor matrix filed in the 2017 Case and 2018 Case are identical. *Compare*, Dkt #: 2 in the 2017 Case and Dkt #: 5 in the 2018 Case. As a result, no harm or prejudice results in requiring that the Debtor proceed with the administration of the 2017 Case. Setting aside the Order Granting the Motion to Dismiss allows the Debtor to proceed under Chapter 13, and allows Citizens to retain its negotiated rights under the Agreed Order.

13. Citizens obtained relief from the automatic stay in the 2017 Case due to the Debtor's failure to make payments as required by the Agreed Order. Commencement of the 2018 Case was simply a maneuver to reinstate or impose a new automatic stay.

14. The filing of the 2018 Case was in bad faith filed simply to impose the automatic stay that terminated in the 2017 Case. Bad faith is evident "where the stay has been lifted and the debtor files a Chapter 13 immediately before the foreclosure sale of his home, in an attempt to obtain another automatic stay and frustrate the foreclosure." *In re Lord,* 295 B.R. 16, 19 (Bankr.E.D.N.Y.2003); *In re Hobbs,* 257 B.R. 778, 780 (Bankr.E.D.Va.2000) (dismissing multiple, concurrent chapter 13 petitions filed "on the eve of deed of trust foreclosures" after stay relief in a prior, pending chapter 13 was granted); *GEIBank Indus. Bank v. Martin* (In re Martin), 97 B.R. 1013, 1016 (Bankr. N.D. Ga. 1989) (filing new case to create a new stay was abusive and invalid).

15. Citizens requests that the 2018 Case be dismissed *nunc pro tunc* as of July 13,

4

2018, in order to eliminate the imposition of the automatic stay challenging the validity of the Substitute Trustee's Sale held that same day. Absent such relief from the Court, challenges to the marketability of title to the Real Property and the validity of the foreclosure sale may linger and generate uncertainty to parties less informed of the specific facts and circumstances herein.

16. A bankruptcy court may dismiss a chapter 13 case *sua sponte* or on the motion of a party in interest pursuant to sections 105(a) and 1307(c) of the Bankruptcy Code. *See In re Hodurski,* 156 B.R. 353, 357 (Bankr.D.Mass.1993) (dismissing a debtor's second bankruptcy case on its own motion). Bankruptcy courts retain broad equitable powers under section 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A court may "take any action, even on its own initiative, 'to prevent an abuse of process.' " *In re Kestell,* 99 F.3d 146, 149 (4th Cir.1996).

17. Between 11:01 A.M. on Friday July 13, 2018, upon commencing of the 2018 Case, and 2:38 P.M. upon the entry of the dismissal order of the 2017 Case, the Debtor had two (2) simultaneous Chapter 13 cases pending in the same court with the same, identical debts owed to the same creditors. *Compare*, Dkt #: 2 in the 2017 Case and Dkt #: 5 in the 2018 Case (Identical Matrix in 2017 Case & 2018 Case). During this same window of time that one day, Citizens conducted and concluded the foreclosure sale selling the Real Property to a third party purchaser who has paid $47,500.00 for the Real Property.

18. The Debtor cannot have two pending simultaneous filed cases filed in order to obtain the benefit of the automatic stay that was terminated in a prior pending case in the same court.

19. The majority of courts hold that maintaining simultaneous bankruptcy cases is *per se* barred. *See, e.g., In re Sidebottom,* 430 F.3d 893, 897–98 (7th Cir.2005); *Turner v. Citizens*

4824-0316-5550
2906182-000076

*Nat'l Bank of Hammond (In re Turner),* 207 B.R. 373, 378–79 (2d Cir. BAP 1997); *In re Gateway North Estates, Inc.,* 39 F.3d 1181 (table), 1994 WL 610167, at *2 (6th Cir.1994). These courts follow the Supreme Court's decision in *Freshman v. Atkins*, 269 U.S. 121 (1925) for the proposition that a debtor may never maintain simultaneous cases under the Bankruptcy Code. *E.g., Sidebottom,* 430 F.3d at 897. The filing of the second application by the debtor with knowledge of the pendency of the first "was an imposition upon and an abuse of the process of the court." *Atkins*, 269 U.S. at 124.

20. Court's holding to the majority's *per se* view have found that the "single estate rule" bars simultaneous bankruptcy filings. This rule prohibits concurrent cases on the basis that the "filing of simultaneous petitions is 'contrary to the obvious contemplated function of the Bankruptcy Code to resolve a debtor's financial affairs by administration of a debtor's property as a single estate under a single chapter within the code.'" *Turner v. Citizens Nat'l Bank of Hammond (In re Turner),* 207 B.R. 373, 378 (2d Cir. BAP 1997) (*quoting In re Kosenka,* 104 B.R. 40, 46 (Bankr.N.D.Ind.1989) (*quoting Assocs. Fin. Servs. Corp. v. Cowen (In re Cowen),* 29 B.R. 888, 894–95 (Bankr.S.D.Ohio 1983))). *Accord Bateman v. Grover (In re Berg),* 45 B.R. 899, 903 (9th Cir. BAP 1984) ("[P]roperty cannot be an assets of both estates simultaneously."); *In re Sorenson*, 575 B.R. 527 (Bankr. D. Colo. 2017) (a debtor should have only one bankruptcy case pending because the debtor's assets and debts should be administered in a single estate to avoid inconsistencies).

21. Based on the Supreme Court's *Atkins* decision, setting aside the dismissal order in the 2017 Case and dismissal of a second 2018 Case is appropriate when a debtor lists the same mortgage debt in both chapter 13 cases. *In re Brown*, 399 B.R. 162 (Bankr. W.D. Va. 2009)(the court dismissed the debtor's second case because he listed his mortgage debt in both chapter 13

6

cases). This same court also held that the debtor filed his second case in bad faith because the clear purpose of the second filing was to reinstitute the automatic stay that had terminated in the first case due to the debtor's default on a stipulated agreement with his mortgage lender. *Id*. at 170. Other courts have reached the same conclusion in addressing similar instances.[2]

**WHEREFORE, ABOVE PREMISES CONSIDERED**, The Citizens Bank of Philadelphia requests entry of an order as follows:

1. That the Order Granting the Motion to Dismiss Case entered in the instant case (i.e., 2017 Case) be set aside;

2. That the 2018 Case (Case #: 18-02714-NPO) be dismissed *nunc pro tunc* as of July 13, 2018;

3. That the Debtor be authorized to proceed in the administration of his Chapter 13 plan of reorganization in the instant case if the Debtor so desires to proceed with his individual reorganization and payment of his debts in the instant case; and

4. For such other and further relief to which Citizens is entitled as this Court may deem just and proper.

---

[2] *In re Alicea Humbreto,* 2000 WL 760696, *1, 2000 Bankr.LEXIS 623, *2–3 (Bankr.E.D.Pa., 2000) (filing of a new Chapter 13 case while Chapter 7 case is pending to invoke a new automatic stay is a an impermissible "procedural gambit"); *In re Bodine,* 113 B.R. 134, 135 (Bankr.W.D.N.Y.1990) (to "permit debtors to maintain their second petition while the first is pending is an easy avenue for abuse of the bankruptcy system" that would allow debtors to file multiple cases if they do not achieve their intended goal in a particular case) (*citing In re Smith,* 85 Bankr.872, 874 (Bankr.W.D.Okla.1988)); *In re Barnes,* 231 B.R. 482, 484–85 (E.D.N.Y.1999) (impeding a secured creditor's ability to proceed with a foreclosure proceeding after the stay in the Chapter 7 case had been lifted by filing a Chapter 13 case and creating a new stay is not only *per se* barred by the majority rule but also constitutes "bad faith" warranting dismissal of the Chapter 13 case); *Putnam Trust Co. v. Frenz (In re Frenz),* 142 B.R. 611, 614 (Bankr.D.Conn.1992) (manipulating the judicial process by reimposing the automatic stay through multiple filings works an unconscionable fraud on creditors).

Date: July 24, 2018.

Respectfully Submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

*/s/ R. Spencer Clift, III*
R. Spencer Clift, III (MSB # 100208)
165 Madison Ave, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 577-2216
Fax: (901) 577-0834
Email: sclift@bakerdonelson.com

*Attorney for The Citizens Bank of Philadelphia*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2018, a copy of the foregoing electronically filed pleading was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

| | |
|---|---|
| Harold W. Roberts, Jr.<br>10421 Road 610<br>Philadelphia, MS 39350 | Jim Arnold<br>333 E. Mulberry Street<br>Durant, MS 39063 |
| J. C. Bell T1<br>Chapter 13 Trustee<br>P.O. Box 566<br>Hattiesburg, MS 39403 | U. S. Trustee<br>501 East Court Street, Suite 6-430<br>Jackson, MS 39201 |

/s/ *R. Spencer Clift, III*
R. Spencer Clift, III

4824-0316-5550
2906182-000076